IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN THE MATTER OF:

**Christopher Anthony Montalbano**   CASE NO. 20-03696-TOM7
                                     Chapter 7
    DEBTOR

_____

Deere & Company d/b/a John Deere Financial,

    PLAINTIFF,

v.   A.P. No. _____

Christopher Anthony Montalbano,

    DEFENDANT.

### COMPLAINT FOR NONDISCHARGEABILITY OF DEBT
### PURSUANT TO 11 U.S.C. § 523(a)(2)

Plaintiff Deere & Company d/b/a John Deere Financial ("Deere") complains of Debtor and Defendant, Christopher Anthony Montalbano, as follows:

#### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to the provisions of 28 U.S.C. § 1334. This adversary proceeding relates to the Chapter 7 case of Christopher Anthony Montalbano, Case No. 20-03696-TOM7, now pending in the United States Bankruptcy Court for the Northern District of Alabama. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2. Venue herein is proper pursuant to the provisions of 28 U.S.C. § 1409.

#### GENERAL ALLEGATIONS

3. On December 15, 2020, Debtor filed a voluntary petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code.

4. Before the filing of the petition in this case, Debtor, individually and/or by using as an alter ego Debtor's wholly owned entities (including, without limitation, Land Work Tractor & Equipment, LLC and LSA Corp.), purchased with the assistance of loans from Deere heavy equipment and attachments, which were subject to valid and perfected security agreements in favor of Deere (collectively, the "Equipment"), and sold that Equipment to third parties without notice to Deere (and in breach of agreements between Debtor and Deere).

5. Debtor purchased the Equipment with Deere's assistance with the intent of committing fraud against Deere and others.

6. Debtor purchased at least one piece of equipment, which was purchased with a loan obtained from Deere by the Debtor and LSA Corp. and which was the subject of a valid and perfected security interest in the favor of Deere, for the additional purpose of continuing acts of fraud against another financial entity.

7. A least one piece of equipment, which was purchased by a family member of the Debtor through a loan from Deere and was the subject of a valid and perfected security interest in favor of Deere, was sold by Land Works Tractor & Equipment, LLC to a third party without notice to Deere.

8. Furthermore, Debtor's actions in purchasing and selling equipment with loans obtained from creditors without regard to valid and perfected security interests, valid contractual provisions, or the veracity of representations made to the creditors constituted a pattern and practice of actual fraud against those creditors, one of which was Deere.

## FIRST CLAIM FOR RELIEF

9. Plaintiff adopts, incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 8, inclusive, as if fully set forth in this First Claim for Relief.

10. Pursuant to § 523(a)(2) of the United States Bankruptcy Code, a debt incurred by a debtor who is acting under false pretenses, a false representation, or actual fraud shall not be dischargeable.

11. The Debtor acted under false pretenses when he secured loans from Deere for the purchase of equipment and granted Deere a security interest in that equipment with the intent to:

    a. Sell the equipment to third parties without respect to his agreements with Deere, the rights of Deere, or the requirements of law; and/or

    b. Not repay or guarantee repayment as promised under the agreements with Deere.

12. The Debtor acted under a false representation when he secured loans from Deere for the purchase of equipment and granted Deere a security interest in that equipment and represented to Deere that:

    a. He would not allow the equipment to be used by, or to be in the possession of, anyone other than his or LSA Corp.'s employees (when he had an intent to do so when he made the representation); and/or

    b. He would not disable or otherwise interfere with any information gathering or transmission device within or attached to the Equipment (when he had an intent to do so when he made the representation); and/or

    c. He would keep the equipment free and clear of all liens and encumbrances (when he had no intention of doing so when he signed the agreement); and/or

    d. He would abide by the terms of the contacts with Deere related to the purchase of the respective pieces of Equipment (when he had no intention of doing so).

13. The Debtor committed actual fraud in incurring the debts to Deere when he secured loans from Deere for the purchase of equipment and granted Deere a security interest in that equipment:

  a.  Intending that he was not going to abide by the terms of the agreements with Deere; and/or

  b.  Intending to sell, transfer, or give the equipment constituting security for the loans from Deere to third parties; and/or

  c.  Intending to disable or deactivate information gathering, location identifying, or other transmission devices which were a part of various pieces of equipment; and/or

  d.  And concealed facts impacting his and/or LSA Corp.'s creditworthiness or ability to obtain the loans ultimately obtained from Deere.

  14.  As a direct and proximate result of the foregoing, Plaintiff has suffered damages in an amount not less than $138,286.27 as of March 9, 2021, which should be exempted from discharge in the Debtor's bankruptcy. Based on the foregoing fraud, Deere requests that the debt owed to Deere by Debtor be deemed not dischargeable in his bankruptcy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Deere & Company d/b/a John Deere Financial requests judgment against Debtor and Defendant Christopher Anthony Montalbano as follows:

1. On its First Claim for Relief, for judgment against Debtor and Defendant Christopher Anthony Montalbano determining that the debt owed in the amount of $138,286.27 by the Debtor to Plaintiff is not dischargeable in this bankruptcy case and for judgment according to proof.

2. That Plaintiff be awarded its costs of suit incurred herein and for such other and further relief as this Court deems proper.

                Respectfully submitted,

                /s/ Andrew D. Dill
                ANDREW D. DILL
                Attorney for Creditor, Deere & Company d/b/a
OF COUNSEL:          John Deere Financial
Wilmer & Lee, P.A.

300 Market Street
Suite 201AB
Post Office Box 1429
Decatur, Alabama 35602
256-350-1109
ddill@wilmerlee.com

CERTIFICATE OF SERVICE

I hereby certify that the foregoing complaint has been served electronically via this Court's electronic filing system and/or via U.S. Mail on the following:

Bill D. Bensinger
Christopher & Small, LLP
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
Telephone (205) 250-6626

James G. Henderson
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
Telephone (205) 328-9190

/s/ Andrew D. Dill
ANDREW D. DILL

Montalbano, Christopher\Complaint for Nondischargeability 523.rev.docx